## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------

TAMARA GRAVELY                                       :
503 East Washington Lane, Apartment 2                :
Philadelphia, PA 19406                               :
                                                     :
        AND                                          :
                                                     :
ODELL BRADLEY, JR.                                   :        Civil Action No.: _____
161 Hazelhurst Avenue                                :
Lawrenceville, NJ 08648                              :
                                                     :
                                                     :        **JURY TRIAL DEMANDED**
                    Plaintiffs,                      :
                                                     :
        v.                                           :
                                                     :
PETROCHOICE, LLC                                     :
640 Freedom Business Center Drive                    :
King of Prussia, PA 19406                            :
                                                     :
                    Defendant.                       :
---------------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Tamara Gravely and Odell Bradley, Jr. ("Plaintiffs") hereby bring this action against Defendant PetroChoice, LLC ("Defendant"), and allege, upon personal belief as to their own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.      Plaintiffs hereby bring this complaint contending that Defendant has unlawfully failed to pay them and other similarly-situated individuals employed in the position of Administrative Assistant ("AA"), Billing Specialist and/or Account Billing Specialist ("BS"), and/or Accounts Payable ("AP") (collectively, "Class Plaintiffs") overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2.     Plaintiffs are former employees of Defendant who were employed in the positions of Administrative Assistant/Billing Specialist and/or Account Billing Specialist, and Accounts Payable.  During the course of their employment, Plaintiffs and Class Plaintiffs did not have their hours of work accurately tracked and recorded by Defendant.  Additionally, Plaintiffs and Class Plaintiffs regularly worked and/or work through unpaid meal breaks.  Plaintiffs and Class Plaintiffs regularly worked more than forty (40) hours per week, but were/are not properly compensated for their work, and/or were/are not paid overtime compensation as required by the FLSA/PMWA in that Plaintiffs and Class Plaintiffs were/are not paid an overtime premium calculated at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a work week.

3.     Defendant has engaged in a long-term scheme of wage abuse against its AAs, BSs, and APs, and others similarly situated, by habitually deducting thirty (30) minutes of compensable pay from each shift worked, regardless of whether Plaintiffs and Class Plaintiffs, and all those similarly situated, actually received an uninterrupted, thirty (30) minute meal break, resulting in unpaid wages and unpaid overtime compensation in violation of the FLSA and PMWA.

4.     As a result of Defendant's improper and willful failure to track and record the hours actually worked by its AAs, BSs, and APs and to pay its AAs, BSs, and APs in accordance with the requirements of the FLSA/PMWA, Plaintiffs and Class Plaintiffs have suffered damages.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6.     This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.     This Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact at Plaintiffs' FLSA claims.

8.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiffs are complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

9.     Plaintiff Tamara Gravely is a citizen of the United States and Commonwealth of Pennsylvania, and currently resides at 503 East Washington Lane, Apartment 2, Philadelphia, PA 19144.

10.     Plaintiff Odell Bradley, Jr. is a citizen of the United States and New Jersey, and currently resides at 161 Hazelhurst Avenue, Lawrenceville, NJ 08648.

11.     Defendant PetroChoice, LLC is a business duly organized and existing under the laws of the Commonwealth of Pennsylvania, and maintains a corporate office located at 640 Freedom Business Center Drive, King of Prussia, PA 19406.

12.     Defendant is a "private employer" and covered by the FLSA.

13.     Plaintiffs and Class Plaintiffs are employees who have been employed by Defendant during all relevant times hereto and, as such, are employees entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

14.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

16.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiffs and all similarly situated current and former employees of Defendant.

17.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiffs brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Administrative Assistant ("AA"), Billing Specialist and/or Account Billing Specialist ("BS"), and/or Accounts Payable ("AP"), or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who are/were denied a full thirty (30) minute uninterrupted meal break, were/are paid on an hourly basis, and denied compensation and overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs"). Plaintiffs contend that Plaintiffs and Class Plaintiffs were denied compensation and overtime compensation due to Defendant's policy and practice of: (a) automatically deducting thirty (30) minutes each workday for meal breaks during which Plaintiffs and Class Plaintiffs performed compensable work; (b)

failing to accurately track and compensate Plaintiffs and Class Plaintiffs for all time spent performing compensable work; (c) failing to compensate Plaintiffs and Class Plaintiffs for all hours performing compensable work; and (d) failing to compensate Plaintiffs and Class Plaintiffs overtime compensation at 1.5 times their regular rate of pay for hours worked in excess of forty (40) in a workweek. Plaintiffs estimate that there are in excess of twenty-five (25) other similarly situated AAs, BSs, and/or APs who either are working or worked for Defendant, who are paid on an hourly basis, routinely worked and/or work through their meal period(s) and are/were deducted thirty (30) minutes per-work day for compensable work performed, and were unlawfully denied compensation and overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

18.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated. Plaintiffs and Class Plaintiffs were similarly denied compensation and overtime compensation at 1.5 times their regular rate of pay as a result of Defendant's unlawful policy and practice of deducting thirty (30) minutes per work-day for compensable work performed and/or failure to accurately track and compensate them for all hours worked, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class

Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) in a workweek, have impacted Class Plaintiffs in the same fashion.

19.     Plaintiffs will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them to the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## PMWA CLASS ACTION ALLEGATIONS

20.     Paragraphs 1 through 19 are hereby incorporated by reference as though the same were fully set forth herein.

21.     Plaintiffs brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant during the past three (3) years in the position of Administrative Assistant ("AA"), Billing Specialist and/or Account Billing Specialist ("BS"), and/or Accounts Payable ("AP"), or in positions with substantially similar job duties who were paid on an hourly basis and subject to Defendant's unpaid meal break policy.

22.     The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

23.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.     Whether Plaintiffs and Class Plaintiffs are entitled to compensation and overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B.      Whether Defendant improperly automatically deducted thirty (30) minutes from Plaintiffs and Class Plaintiffs each work day for meal breaks during which Plaintiffs and Class Plaintiffs performed compensable work;

C.      Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiffs and Class Plaintiffs;

D.      Whether Plaintiffs and Class Plaintiffs worked in excess of forty (40) hours per week.

E.      Whether Defendant failed to provide Plaintiffs and Class Plaintiffs uninterrupted meal periods as required by Defendant's written policies, practices, and procedures; and

F.      Whether Defendant failed to compensate Plaintiffs and Class Plaintiffs for missed and/or interrupted meal periods.

24.     Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs are similarly situated to the Class and have no conflict with the Class members.

25.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in class action litigation.

26.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.      The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.      Defendant, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.     The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to consideration of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

27.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interest.

## FACTUAL BACKGROUND

28.     Paragraphs 1 through 27 are hereby incorporated by reference as though the same were fully set forth at length herein.

29.     Plaintiff Tamara Gravely ("Plaintiff Gravely") began her employment with Defendant on or about August 31, 2018, when she was hired in to the position of Administrative Assistant/Billing Specialist.

8

30.     During her scheduled shifts, Plaintiff Gravely was to receive an unpaid meal period. It was Defendant's policy and practice to automatically deduct thirty (30) minutes of pay from Plaintiff Gravely during each scheduled shift she worked for an unpaid meal period. Plaintiff Gravely, however, did not receive an uninterrupted thirty (30) minute lunch period during every shift worked and routinely performed work during her lunch periods on a daily basis.

31.     In violation of the provisions of the FLSA, Defendant failed to pay Plaintiff Gravely for work performed during her scheduled meal periods. This policy and practice of Defendant is further proof and evidence of Defendant's willful and unlawful practice of not paying Plaintiff Gravely for all hours worked and of Defendant's failure to follow the provisions of the FLSA.

32.     The payroll checks and stubs Plaintiff Gravely received from Defendant did not accurately state the actual hours of work she performed each pay period and did not state and/or reveal the work she performed during meal periods.

33.     Upon information and belief, in violation of the provisions of the FLSA, Defendant failed to pay Plaintiff Gravely for all work performed and time spent performing compensable work during unpaid meal periods.

34.     By way of example, during the week of May 26, 2019, Plaintiff Gravely worked approximately forty-four (44) hours and thirty (30) minutes and did not receive overtime compensation for the two (2) hours and thirty (30) minutes during which Plaintiff Gravely performed compensable work during her meal period.

35.     During the week of May 26, 2019, Defendant automatically deducted thirty (30) minutes from each work day for compensable work performed by Plaintiff Gravely.

36.     Plaintiff Odell Bradley, Jr. ("Plaintiff Bradley") began his employment with Defendant in or around May 2017, when he was hired in to the position of Accounts Payable.

37.     Plaintiff Bradley regularly worked approximately forty-five (45) to fifty (50) hours per week, and routinely worked through his thirty (30) minute meal period.  Despite not receiving an uninterrupted thirty (30) minute meal period, Plaintiff Bradley was automatically deducted thirty (30) minutes per Defendant's policies and procedures.

38.     During his scheduled shifts, Plaintiff Bradley, in accordance with Defendant's policy and practice, was supposed to receive and unpaid meal period.  It was Defendant's policy and practice to automatically deduct thirty (30) minutes of pay from Plaintiff Bradley during each scheduled shift he worked for an unpaid meal period.  Plaintiff Bradley, however, did not receive an uninterrupted thirty (30) minute lunch period during every shift worked and routinely performed work during his lunch periods on a daily basis.

39.     In violation of the provisions of the FLSA, Defendant failed to pay Plaintiff Bradley for work performed during his meal periods.  This policy and practice of Defendant is further proof and evidence of Defendant's willful practice of not paying Plaintiff Bradley for all hours worked and of Defendant's failure to follow the provisions of the FLSA.

40.     The payroll checks and stubs Plaintiff Bradley received from Defendant did not accurately state the actual hours of work he performed each pay period and did not state and/or reveal the work he performed during unpaid meal periods.

41.     Upon information and belief, in violation of the provisions of the FLSA, Defendant failed to pay Plaintiff Bradley for all work performed and time spent performing compensable work during meal periods.

10

42. By way of example, during the week of October 16, 2018, Plaintiff Bradley worked forty-nine (49) hours and thirty (30) minutes and did not receive overtime compensation for the two (2) hours and thirty (30) minutes of work performed during his meal period.

43. Upon information and belief, during the week of October 16, 2018, Defendant automatically deducted thirty (30) minutes from each work day for compensable work performed by Plaintiff Bradley.

44. During his tenure, Plaintiff Bradley inquired about compensation for interrupted and/or missed meal periods. By way of response, Defendant informed Plaintiff Bradley "that is your loss."

## Facts Pertaining to the Collective/Class Claims

45. Paragraphs 1 through 44 are hereby incorporated by reference as though the same were fully set forth at length herein.

46. In their capacity as Administrative Assistant ("AA"), Billing Specialist/Account Billing Specialist ("BS"), and/or Accounts Payable ("AP") Plaintiffs and Class Plaintiffs primary job responsibilities include data entry, sending/receiving correspondence, phone conversations, and routine clerical work.

47. Plaintiffs and Class Plaintiffs are compensated on an hourly basis to perform the aforementioned responsibilities.

48. Plaintiffs and Class Plaintiffs routinely worked in excess of forty (40) hours per work week.

49. Despite the fact that Plaintiffs and Class Plaintiffs routinely worked in excess of forty (40) hours per week, Plaintiffs and Class Plaintiffs did not receive compensation and/or overtime compensation for work performed in excess of forty (40) hours per work week.

50.     In violation of the provisions of the FLSA/PMWA, Defendant unlawfully failed to track, record, and report all the hours worked by Plaintiffs and Class Plaintiffs.

51.     Additionally, Plaintiffs and Class Plaintiffs are/were required to adhere to Defendant's "quota" with respect to the amount of accounts billed.

52.     As a result of the aforementioned policy, Plaintiffs and Class Plaintiffs routinely worked through their thirty (30) minute meal period and/or did not receive an uninterrupted meal period.

53.     Upon information and belief, Plaintiffs and Class Plaintiffs routinely work/worked through their meal period(s) to maintain Defendant's quota requirements.

54.     During their scheduled shifts, Plaintiffs and Class Plaintiffs, in accordance with Defendant's policies and practices, are supposed to receive a thirty (30) minute unpaid meal break.  It is Defendant's policy and practice to automatically deduct thirty (30) minutes of compensation from each hourly employee during each scheduled shift.  Plaintiffs and Class Plaintiffs, however, do/did not receive an uninterrupted thirty (30) minute meal break during every shift worked, and routinely perform or performed work during their meal periods on a near-daily basis.

55.     Defendant's policy and practice further demonstrates its willful and unlawful practice of not paying Plaintiffs and Class Plaintiffs for all hours worked and of Defendant's failure to follow the provisions of the FLSA/PMWA.

56.     As a result of the aforementioned policies and practices of Defendant, Plaintiffs and Class Plaintiffs are/were denied, on a near-daily basis, pay, compensation, and/or overtime compensation for, at a minimum, thirty (30) minutes of compensable work performed each workday.  Upon information and belief, Defendant had and continues to have an unlawful

12

practice and policy of depriving Plaintiffs and Class Plaintiffs pay, compensation, and/or overtime compensation for all compensable work performed.

57.    The aforementioned policies and practices of Defendant violate the FLSA, and as a result, Plaintiffs and Class Plaintiffs have suffered loss of wages, compensation, and/or overtime compensation.

58.    Defendant knew of or showed reckless disregard in its failure to track and record the hours actually worked by Plaintiffs and Class Plaintiffs, and its failure to properly compensate Plaintiffs and Class Plaintiffs for all wages, compensation, and overtime pay, in violation of the FLSA/PMWA.

59.    Plaintiffs and Class Plaintiffs were/are, within the meaning of the FLSA/PMWA, non-exempt employees of Defendant.

60.    Defendant failed to pay Plaintiffs and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of forty (40) hours in a work week.  As a result of Defendant's aforesaid illegal actions, Plaintiffs and Class Plaintiffs have suffered damages.

61.    Upon information and belief, Defendant failed to maintain accurate records for each employee for hours actually worked, as required by law.

62.    Upon information and belief, Defendant did not post and/or failed to post employee rights protected under the FLSA in a conspicuous space for employees to readily read it.

63.    Plaintiffs and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours worked over forty (40) in a workweek.

64.     As a result of Defendant's aforesaid illegal actions, Plaintiffs and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
<u>**FAILURE TO PAY OVERTIME COMPENSATION**</u>

65.     Paragraphs 1 through 64 are hereby incorporated by reference as though the same were fully set forth at length herein.

66.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

67.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

68.     According to the policies and practices of Defendant, Plaintiffs and Class Plaintiffs are/were required to work in excess of forty (40) hours per workweek. Plaintiffs and Class Plaintiffs are/were denied overtime compensation for compensable work performed in excess of forty (40) hours per workweek in violation of the FLSA.

69.     Defendant failed to pay Plaintiffs and Class Plaintiffs for all hours worked, including for work performed for Defendant during Plaintiffs and Class Plaintiffs meal periods.

70.     Defendant failed to accurately track and maintain records of all hours worked by Plaintiffs and Class Plaintiffs.

71.     As a result, Defendant failed to pay Plaintiffs and Class Plaintiffs overtime compensation for all hours worked over (40) in a workweek at 1.5 times their regular rate of pay.

72.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

73.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

74.     Defendant is liable to Plaintiffs and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiffs prays for the following relief on behalf of themselves and Class Plaintiffs:

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant in the positions of Administrative Assistant, Billing Specialist and/or Account Billing Specialist, and/or Accounts Payable, or in positions with substantially similar job duties, who worked for defendant at any point in the past three (3) years who were denied an uninterrupted thirty (30) minute meal period, were/are paid on an hourly basis, denied compensation and overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek, and authorizing Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid compensation and/or overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.      Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and overtime compensation to Plaintiffs and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.      Awarding Plaintiffs and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.      Awarding Plaintiffs and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.      Granting Plaintiffs and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiffs and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

75.     Paragraphs 1 through 74 are hereby incorporated by reference as though the same were fully set forth at length herein.

76.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

77.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

78.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiffs and Class Plaintiffs for all hours worked.

79.     As a result of Defendant's unlawful acts, Plaintiffs and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class Plaintiffs, pray for judgment against Defendant as follows:

A.     An Order certifying this case as a class action and designating Plaintiffs as the representative of the Class and their counsel as class counsel;

B.     An award to Plaintiffs and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.     An award to Plaintiffs and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

17

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

MURPHY LAW GROUP, LLC

By:

Michael Murphy, Esq.
Edmund C. Celiesius, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
ec@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: 11/15/19

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiffs' and the Class/Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.

JS 44 (Rev 06/17)   CIVIL COVER SHEET   19-CV-5409

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM )*

## I. (a) PLAINTIFFS
Tamara Gravely and Odell Bradley, Jr

**DEFENDANTS**
PetroChoice, LLC   19 5409

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U S  PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Montgomery
*(IN U S  PLAINTIFF CASES ONLY)*
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Murphy, Esq , Murphy Law Group, LLC, Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, 267-273-1054

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❒ 1  U S Government Plaintiff
☒ 3  Federal Question *(U S  Government Not a Party)*
❒ 2  U S Government Defendant
❒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated or Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated and Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for Nature of Suit Code Descriptions

(checkbox: ☒ 710 Fair Labor Standards Act under LABOR)

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding   ❒ 2 Removed from State Court   ❒ 3 Remanded from Appellate Court   ❒ 4 Reinstated or Reopened   ❒ 5 Transferred from Another District *(specify)*   ❒ 6 Multidistrict Litigation - Transfer   ❒ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U S  Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
29 U S C § 201, et seq., 43 P S  § 333.100, et seq
Brief description of cause
Unpaid compensation/overtime compensation

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes  ❒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*   JUDGE _____   DOCKET NUMBER _____   NOV 18 2019

DATE 11/15/19   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #____ AMOUNT____ APPLYING IFP____ JUDGE____ MAG JUDGE____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**19   5409**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  Gravely  503 East Washington Lane, Apartment 2, Philadelphia, PA 19406, Bradley, Jr  161 Hazelhurst Avenue, Lawrenceville, NJ 08648

Address of Defendant: ___ 640 Freedom Business Center Drive, King of Prussia, PA 19406

Place of Accident, Incident or Transaction: ___ 640 Freedom Business Center Drive, King of Prussia, PA 19403

---

*RELATED CASE, IF ANY:*

Case Number _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

| | | Yes | No |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | ☐ | ☑ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | ☐ | ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | ☐ | ☑ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | ☐ | ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/5/19 _____    _____    91262
                              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I D # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

- ☐ 1  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2  FELA
- ☐ 3  Jones Act-Personal Injury
- ☐ 4  Antitrust
- ☐ 5  Patent
- ☑ 6  Labor-Management Relations
- ☐ 7  Civil Rights
- ☐ 8  Habeas Corpus
- ☐ 9  Securities Act(s) Cases
- ☐ 10.  Social Security Review Cases
- ☐ 11  All other Federal Question Cases
       *(Please specify)* _____

**B.**  *Diversity Jurisdiction Cases:*

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5  Motor Vehicle Personal Injury
- ☐ 6  Other Personal Injury *(Please specify)* _____
- ☐ 7.  Products Liability
- ☐ 8.  Products Liability – Asbestos
- ☐ 9  All other Diversity Cases
       *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Michael Murphy** , counsel of record *or pro se plaintiff*, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

NOV 18 2019

DATE: 11/5/19 _____    _____    91262
                              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I D # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Tamara Gravely and Odell Bradley, Jr. | : | CIVIL ACTION |
| v. | : | |
| PetroChoice, LLC | : | **19  5409**<br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( x )

| | | |
|---|---|---|
| 11/15/19 | Michael Murphy, Esq. | Tamara Gravely and Odell Bradley, Jr. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (267) 273-1054 | (215) 525-0210 | murphy@phillyemploymentlawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**NOV 18 2019**