IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMARA GRAVELY, et al., *Plaintiffs,* v. PETROCHOICE, LLC, *Defendant.* | CIVIL ACTION NO. 19-5409 |

**PAPPERT, J.**                                                                                          June 28, 2022

### MEMORANDUM

Tamara Gravely and Odell Bradley Jr. sued their employer, PetroChoice LLC, over its alleged failure to pay them and similarly situated employees overtime in violation of the Fair Labor Standards Act and Pennsylvania Minimum Wage Act. Gravely, Bradley and subsequent opt-in plaintiffs move unopposed for approval of their FLSA settlement and, as part of that agreement, attorneys' fees. The Court denies both motions without prejudice because the Settlement Agreement's waiver and release provisions are overbroad and as such frustrate the FLSA's purposes.

I

On November 18, 2019, Gravely and Bradley sued the company in a collective action under the FLSA and class action under the PMWA. (ECF 1; Settlement Agreement ¶ 1, ECF 40-2 Ex. B.) Named Plaintiffs alleged PetroChoice denied overtime pay to them and employees in similar administrative or financial roles by deducting 30 minutes of pay daily for meal breaks they worked through and not accurately tracking their hours worked. (Settlement Agreement ¶ 1.)

1

On February 26, 2021, Judge Jones granted Named Plaintiffs' motion for conditional certification as an FLSA collective. (ECF 23.)[1] Five other people subsequently opted in as plaintiffs, joining one other prior opt-in plaintiff. (ECF 5, 35–39.) The parties then negotiated a Settlement Agreement. (ECF 40-2 ¶ 3, Ex. B.)

Under the Agreement, Plaintiffs broadly waive and release their claims against PetroChoice. (Settlement Agreement ¶¶ 12–13.) In exchange, PetroChoice will pay Plaintiffs $45,000. (*Id.* at ¶ 6.) Of that sum, approximately $23,843.25 will be distributed to Plaintiffs in amounts proportional to their alleged economic injuries. (*Id.* at ¶¶ 6–7.) Named Plaintiffs also will receive $2,500 service awards for their contributions to the case. (*Id.* at ¶ 11.) Further, counsel will receive $15,750 in attorneys' fees and $406.75 as reimbursement for litigation costs. (*Id.* at ¶ 9.)

II

A district court will approve an FLSA settlement if it is a reasonable compromise of contested issues and not merely a waiver of statutory rights caused by the employer's overreaching. *Solkoff v. Pennsylvania State Univ.*, 435 F. Supp. 3d 646, 652 (E.D. Pa. 2020) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). The agreement must (1) settle a bona fide dispute, (2) be fair and reasonable to the employees and (3) further the FLSA's enforcement in the workplace. *Howard v. Phila. Hous. Auth.*, 197 F. Supp. 3d 773, 777 (E.D. Pa. 2016).

---

[1] On June 17, 2022, the case was reassigned to this Court. (ECF 42.)

A

A settlement resolves a bona fide dispute when there are factual issues between the parties such as the amount of back wages. *Solkoff*, 435 F. Supp. 3d at 653. The dispute must fall within the FLSA's contours, and there must be evidence the defendant rejects the claims. *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 530 (E.D. Pa. 2016); *see also Howard*, 197 F. Supp. 3d at 778 (settlement's statement that defendant denies liability plus defendant's continued denial of claims are sufficient).

The Settlement Agreement concerns a bona fide dispute. Plaintiffs and PetroChoice disagree about factual questions under the FLSA, including how often Plaintiffs worked through lunch and whether that work was properly reported. *See Solkoff*, 435 F. Supp. 3d at 653; *Kraus*, 155 F. Supp. 3d at 530. Moreover, PetroChoice has denied liability throughout, as reflected in the Settlement Agreement. *See Howard*, 197 F. Supp. 3d at 778; (ECF 40-2 at ¶ 4, Ex. B); *e.g.*, (Answer, ECF 9).

B

Courts consider many factors when determining whether a settlement amount is fair and reasonable, including the costs and benefits of settling versus going to trial, occurrence of arms-length negotiations and size of the settlement amount in view of the plaintiffs' claimed damages. *See Girsh v. Jepson*, 521 F.2d 153, 156–57 (3d Cir. 1975); *Kraus*, 155 F. Supp. 3d at 532.

The settlement amount of $45,000 is fair and reasonable. Plaintiffs will receive a prompt, certain and substantial recovery and avoid significant litigation costs— including for discovery, motion practice, trial and possible appeal—and risks— including decertification and the inability to prove liability and damages. *See Howard*,

197 F. Supp. 3d at 778. Moreover, each plaintiff will receive through this settlement a sum greater than the unpaid overtime they reasonably could have recovered at trial. *See* (Pls' Mot. for Settlement Approval 12–13, ECF 40-1); *e.g.*, *McGee v. Ann's Choice, Inc.*, No. 12-2664, 2014 WL 2514582, at *2 (E.D. Pa. June 4, 2014). Finally, the parties engaged in arms-length negotiations in reaching their settlement. (Settlement Agreement ¶¶ 3, 27.)[2]

Additionally, in similar FLSA cases courts award a fixed portion of the settlement amount to counsel as attorneys' fees. *See McGee*, 2014 WL 2514582, at *4. Among the factors courts consider when determining the propriety of such fees are the size of the settlement amount, awards in similar cases and whether plaintiffs object. *See Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000).

The Settlement Agreement fairly and reasonably awards counsel $15,750. Counsel will receive 35% of the $45,000 settlement amount, in line with fee awards approved by courts in the Third Circuit. *Mabry v. Hildebrandt*, No. 14-5525, 2015 WL 5025810, at *4 (E.D. Pa. Aug. 24, 2015) (accepted range is roughly 20 to 45%). In turn, Plaintiffs do not object to the award or any part of the Settlement Agreement. (Pls' Mot. for Attorneys' Fees 9, ECF 41-1; Pls' Mot. for Settlement Approval 8–9). As a cross check, the award is less than the applicable lodestar amount of approximately $19,531.

---

[2] Other factors supporting the settlement amount's propriety include the complexity and likely length of the litigation, Plaintiffs' reaction to the settlement and the stage of the litigation and amount of discovery completed. *See Girsh*, 521 F.2d at 156–57; (Pls' Mot. for Settlement Approval 6–10).

*See* (Pls' Mot. for Attorneys' Fee Approval 16–17); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005).[3]

C

The FLSA was enacted to combat unequal bargaining power between employers and employees. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). In doing so, the statute sought to protect workers from oppressive hours and substandard wages. *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 214 (2016).

The Settlement Agreement's waiver and release provisions are at odds with the FLSA's purposes.[4] PetroChoice is broadly released from all claims known or unknown to Named Plaintiffs and claims known or unknown to all Plaintiffs that are related to this case, regardless of the statute or cause of action. (Settlement Agreement ¶¶ 12–13.) These provisions use sweeping language. *See, e.g.*, (*id.* ¶ 12 (releasing PetroChoice from liability arising out of "any event or occurrence" from the beginning of "time" and "the world" until the Settlement Agreement's execution), (Named Plaintiffs can't assert any claim "of any kind" to recover money damages or "any other relief" against PetroChoice)).

---

[3] The awards of $406.75 for counsel's litigation costs and $2,500 for Gravely's and Bradley's contributions to the case are also fair and reasonable. *See In re AremisSoft Corp. Sec. Litig.*, 210 F.R.D. 109, 135 (D.N.J. 2002); *In re Automotive Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2008 WL 63269, at *7 (E.D. Pa. Jan. 3, 2008).

[4] That is not true with respect to the Settlement Agreement's confidentiality clause, which prohibits Named Plaintiffs from making public statements, issuing press releases or contacting the media about the Agreement. (ECF 40-2 ¶ 18, Ex. B.) Confidentiality clauses can frustrate the FLSA's purposes by creating information asymmetry between employers and employees. *Mabry v. Hildebrandt*, No. 14-5525, 2015 WL 5025810, at *2–3 (E.D. Pa. Aug. 24, 2015). But confidentiality provisions like the Agreement's that permit plaintiffs to discuss their settlement with other employees are compatible with the statute. *See Solkoff*, 435 F. Supp. 3d at 659.

This frustrates the FLSA by allowing employers like PetroChoice to take advantage of their superior bargaining power over employees like Plaintiffs.  *See Bettger v. Crossmark, Inc.*, No. 13-2030, 2015 WL 279754, at *8 (M.D. Pa. Jan. 22, 2015); *Rubbo v. Peoplescout, Inc.*, No. 16-4903, 2017 WL 2010311, at *3–4 (E.D. Pa. May 11, 2017).  Accordingly, the Court will not approve the Settlement Agreement as currently drafted.

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.