# EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------------
TAMARA GRAVELY, et al.                    :
                                          :
            Plaintiffs,                   :
                                          :
       v.                                 :   Civil Action No.: 19-5409 (CDJ)
                                          :
PETROCHOICE LLC                           :
                                          :
            Defendant.                    :
-----------------------------------------------------------
```

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement and Release ("Stipulation") is made and entered into by and between Named Plaintiffs Tamara Gravely and Odell Bradley ("Class Representatives" or "Named Plaintiffs"), individually and on behalf of the six (6) Opt-In Plaintiffs they represent (together with Named Plaintiffs, "Settlement Class Members"), and Defendant PetroChoice LLC ("Defendant" or "PetroChoice"). Named Plaintiffs and PetroChoice are collectively referred to herein as the "Parties" (each a "Party").

## THE LITIGATION

1. On November 18, 2019, Named Plaintiffs initiated this lawsuit against Defendant on behalf of themselves and all allegedly similarly-situated individuals employed in the positions of Administrative Assistant ("AA"), Billing Specialist and/or Account Billing Specialist ("BS"), and/or Accounts Payable ("AP"), who worked for Defendant within the past three (3) years. In their Complaint, Named Plaintiffs alleged, *inter alia*, that Defendant violated the Fair Labor Standards Act ("FLSA") and Pennsylvania Minimum Wage Act ("PMWA") by failing to pay them and the putative collective overtime compensation by automatically deducting from their pay thirty (30) minutes each workday for meal breaks during which they performed compensable work and by otherwise not accurately tracking their hours worked.

2. On January 24, 2020, Defendant filed an Answer denying Named Plaintiffs' allegations and further denying the appropriateness of this matter for collective or class action treatment. Thereafter, the parties engaged in written discovery as well as motion practice concerning Named Plaintiffs' Motion for Conditional Certification, which was filed on June 2, 2020.[1] See ECF No. 18. On February 26, 2021, the Court granted Named Plaintiffs' Motion for Conditional Certification. See ECF No. 23. In accordance with the Court's directive, on April

---

[1] In their Motion, Named Plaintiffs sought conditional certification of the following putative collective: "All persons presently or formerly employed by Defendant during the past three (3) years in the position of Administrative Assistant ("AA"), Billable Specialist and/or Account Billing Specialist ("BS"), and/or Accounts Payable ("AP"), or in positions with substantially similar job duties who were paid on an hourly basis and subject to Defendant's unpaid meal break policy."

Doc ID: bfbf8736a0d06627e95486502d1b541819a8bf5b

30, 2021, the Parties submitted a proposed form of collective action notice, which the Court authorized to be distributed by Court Order the same day. See ECF Nos. 33 and 34. On May 12, 2021, Named Plaintiffs caused the court-authorized form of notice to be mailed and emailed to the thirty-six (36) individuals identified by Defendant as eligible to receive the Notice. Thereafter, five (5) individuals – Lillian Polli, Beverly Palmer, Deborah Doerr, Jen Grieves, and Susan Marchozzi – returned timely Opt-In and Consent to Join Forms, which were filed with the Court, see ECF Nos. 35-39, bringing the total of Opt-In Plaintiffs to six (6).[2]

3. Following the close of the Opt-In Period, the Parties engaged in extensive, arms-length negotiations, ultimately reaching an agreement to settle the Action on the material terms set forth in this Stipulation on behalf of Named Plaintiffs as well as the six (6) Opt-In Plaintiffs – Tarika Herbert Wooten, Lillian Polli, Beverly Palmer, Deborah Doerr, Jen Grieves, and Susan Marchozzi – they represent in this action. Named Plaintiffs and Class Counsel have concluded that: (1) it is in the best interests of the Settlement Class (defined below) to enter into the settlement and Stipulation in order to avoid the uncertainties and risks of litigation, particularly complex litigation such as this, and to assure benefits to the class members; and (2) the terms and conditions of this Stipulation are fair, reasonable, and adequate, and in the best interests of all members of the Settlement Class. It is the intention of the Parties that this Stipulation shall constitute a full and complete settlement and release of all wage and hour-related claims arising from or related to the Action against PetroChoice.

4. Named Plaintiffs believe that the Action is meritorious and appropriate for collective action treatment. PetroChoice denies any liability or wrongdoing of any kind associated with the claims alleged and further disputes that the Action can properly be maintained as a collective action. PetroChoice has agreed to resolve this Action pursuant to this Stipulation solely to avoid the time and expense of additional litigation. In the event this Stipulation is deemed void or is terminated or invalidated for any reason, PetroChoice does not waive, but rather expressly reserves, all rights to challenge all claims and allegations in the Action upon all procedural, legal, and factual grounds, including, without limitation, the ability to challenge class or collective action treatment on any grounds. Named Plaintiffs agree that PetroChoice retains these rights and agrees not to take a position to the contrary. Furthermore, this Stipulation, and all ancillary documents, actions, statements, or filings in furtherance of settlement (including all matters associated with the mediation of this matter) shall not be admissible or offered into evidence in this Action for any reason if the settlement is deemed void or is terminated or invalidated for any reason.

## TERMS OF STIPULATION

5. <u>Settlement Class</u>. The Settlement Class shall include the Named Plaintiffs (i.e. Tamara Gravely and Odell Bradley) and all Opt-In Plaintiffs (i.e. all individuals, with the exception of Named Plaintiffs, who previously joined this lawsuit pursuant to 29 U.S.C. § 216(b)), specifically, Tarika Herbert Wooten, Lillian Polli, Beverly Palmer, Deborah Doerr, Jen Grieves, and Susan Marchozzi.

---

[2] Opt-In Plaintiff Tarika Herbert Wooten filed an Opt-In and Consent to Join Form on December 23, 2019, see ECF No. 5, not long after the Complaint was filed.

2

Doc ID: bfbf8736a0d06627e95486502d1b541819a8bf5b

6. <u>Settlement Amount</u>. As consideration for this Stipulation, and to fully and completely resolve and settle all claims of the Named Plaintiffs and Opt-In Plaintiffs, Defendant agree to pay a gross settlement sum of $45,000.00 ("Settlement Amount"), which will include all payments to the Settlement Class Members and Class Counsel. The Settlement Amount does not include payment of the employer's share of applicable payroll taxes (e.g. FICA and FUTA contributions), which will be borne solely by Defendant. From the Settlement Amount, after deduction of the attorneys' fees and costs to Class Counsel and the proposed service awards to the Named Plaintiffs, approximately $23,843.25 ("Settlement Fund") will be distributed to the Settlement Class Members.

Settlement Class Members will receive settlement checks, in the manner and amount described in Paragraph 7.[3] Except for Defendant's share of applicable payroll taxes, Defendant shall not pay more than the Settlement Amount.

7. <u>Class Member Settlement Payments</u>. The gross amount distributed to each Settlement Class Member will be governed by the extent to which each he or she was economically impacted by the overtime violations alleged by Named Plaintiffs in the Complaint. The formula for determining each Settlement Class Member's gross settlement payment will be based on his or her pro-rata contribution, if any, to the total estimated overtime damages potentially recoverable by Class Plaintiffs, based on the time and pay records provided by Defendant. If any Settlement Class Member's pro rata contribution, as calculated above, would result in a settlement payment of less than $50, he or she shall be allocated up to $50 from the Settlement Fund.

a. For income and payroll tax purposes, the Parties agree that fifty percent (50%) of each settlement payment is allocable to alleged lost wages (which shall be subject to required withholdings and deductions and reported as wage income on an IRS Form W-2 as required by law), and fifty percent (50%) of each settlement payment is allocable to alleged liquidated damages and/or alleged interest which will be subject to an IRS Form 1099. The Settlement Class Members agree and have responsibility to pay all taxes due on the liquidated damages and/or interest portion and to indemnify and to hold Defendant harmless from any tax liabilities, including interest, penalties, or other amounts. All settlement payments shall be deemed to be paid to such Settlement Class Members solely in the year in which such payments are actually received by the Settlement Class Members. Defendant and its counsel do not intend for this settlement, its negotiation, or its terms to constitute the provision of legal advice. To the extent that this Settlement Agreement, or any related documents, is/are interpreted to contain or constitute advice by Defendant and/or their counsel regarding any federal, state, or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties. Also, Class Counsel does not intend for anything in this paragraph to constitute, or be construed as, tax advice.

b. Within twenty-one (21) days of the entry of a Court Order approving this Stipulation, Defendant shall pay the following sums by individual checks to Settlement Class Members, reported on an IRS Form W-2 (with applicable taxes withheld) or an IRS Form 1099 (with no tax withholding), as indicated:

---

[3] These figures are estimates which may increase or decrease based on a number of factors.

3

Doc ID: bfbf8736a0d06627e95486502d1b541819a8bf5b

| Settlement Class Member | Form W-2 | Form 1099 |
|---|---|---|
| Odell Bradley | $3,944.64 | $6,444.64* |
| Jen Grieves | $737.87 | $737.87 |
| Deborah Doerr | $72.66 | $72.66 |
| Tamara Gravely | $1,727.32 | $4,227.33* |
| Susan Marchozzi | $25.00 | $25.00 |
| Beverly Palmer | $3,143.92 | $3,143.92 |
| Lillian Polli | $222.23 | $222.23 |
| Tarika Herbert Wooten | $2,047.98 | $2,047.98 |

* Assuming Court approval of the proposed $2,500 service awards to each Named Plaintiff, identified in paragraph 11 below, which shall be reported to Named Plaintiffs on a Form 1099.

   c. Defendant shall cause the aforementioned checks to be delivered to the offices of Class Counsel, Murphy Law Group, LLC, Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, for further delivery to Settlement Class Members.

  8. <u>No Additional Benefits.</u> Defendant will not be responsible for making any deductions, withholdings, or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings, if any, from the settlement payments made to Settlement Class Members. The Settlement Class Members understand and agree that the receipt of a settlement payment will not, in and of itself, entitle any of them to any additional compensation or benefits under any company bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by this Settlement Agreement, nor will it entitle any Class Member to any increased retirement, 401(k) benefits or matching benefits, or deferred compensation benefits. It is the intent of this Settlement Agreement that the settlement payments are the sole payments made to the Settlement Class Members and that the Settlement Class Members are not entitled to any new or additional compensation or benefits as a result of this litigation or having received the settlement payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by the Settlement Agreement).

  9. <u>Attorneys' Fees and Costs.</u> As part of the Settlement Amount, and subject to Court review and approval, up to thirty-five percent (35%) of the Settlement Amount (i.e. $15,750.00), will be distributed to Class Counsel to compensate Class Counsel for all past and future attorney's fees. In addition, Class Counsel may seek an award of costs (which includes all past, present, and future costs and expenses incurred by Class Counsel in prosecuting Named Plaintiffs' and the Settlement Class Members' claims in the Action) not to exceed $406.75. In its

Doc ID: bfbf8736a0d06627e95486502d1b541819a8bf5b

Motion for Approval of the Stipulation, Class Counsel shall petition the Court for an award of attorney's fees and for reimbursement of litigation costs and expenses in amounts not to exceed those described above. Defendant will not oppose such applications. If the full amount of attorney's fees and costs are not approved by the Court, then the remainder will revert to the Settlement Class Members. Assuming Court approval is granted, within twenty-one (21) days of the entry of a Court Order approving this Stipulation, Defendant will pay, by check made payable to the Murphy Law Group, LLC, the sum of Sixteen Thousand One Hundred Fifty-Six Dollars and Seventy-Five Cents ($16,156.75), representing alleged attorneys' fees and costs, and reported to Murphy Law Group, LLC on a Form 1099. The attorney's fees and costs are to compensate Class Counsel for all the work already performed in the Action, and all the work to be performed in documenting the settlement, securing Court approval of this Settlement Agreement, making sure the settlement is fairly administered and implemented, and obtaining dismissal with prejudice of the Action.

10. <u>Effective Date</u>. The settlement terms embodied herein shall become effective ("Effective Date") when all of the following events have occurred:

    a. This Stipulation has been executed by Named Plaintiffs (for themselves and on behalf of the Settlement Class Members) and by Defendant; and

    b. The Court has held an approval hearing (or has waived the hearing and based its decision on written submissions) and entered a final order and judgment dismissing this case with prejudice and approving this Stipulation.

11. <u>Service Award</u>. Subject to Court approval and/or modification, and as part of and from the Settlement Amount, the Named Plaintiffs will receive the following Service Awards for their services to Settlement Class Members.

| Name | Service Award |
|---|---|
| Tamara Gravely | $2,500.00 |
| Odell Bradley | $2,500.00 |

This payment is in addition to the portion of the Settlement Amount to which the Named Plaintiffs are entitled along with the other Settlement Class Members. Defendant will issue an IRS Form 1099 for the Service Awards to the Named Plaintiffs, and the Named Plaintiffs will be responsible for correctly characterizing the payment for tax purposes and for paying any taxes due on the amount received. The Named Plaintiffs agree to pay all taxes due on the Service Awards and indemnify and hold Defendant harmless from any tax liabilities, including interest, penalties, or other amounts.

## **RELEASE OF CLAIMS**

12. <u>Specific Release of Wage and Hour-Related Claims</u>

In consideration for the payments described herein, Settlement Class Members will release any and all wage and hour-related claims, whether known or unknown, arising under any federal, state, or local law, including, without limitation, the FLSA, PMWA, WPCL, and any

Doc ID: bfbf8736a0d06627e95486502d1b541819a8bf5b

wage and hour-related rights, demands, liabilities, debts, suits, causes of actions, accounts, bonds, covenants, contracts, agreements, judgments, whatsoever in law or equity, in any way related to the claims brought in the Action, including statutory, constitutional, contractual, or common law claims for wages, overtime, or other compensation or benefits of any kind, damages, unpaid costs, penalties, liquidated damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief against any Released Party *arising during the time period during which the Settlement Class Member held one or more of the job positions identified in the definition of the collective (i.e. Administrative Assistant, Billable Specialist and/or Account Billing Specialist, and/or Accounts Payable*), prior to the Approval Date that were or could have been asserted by the Named Plaintiffs on behalf of Settlement Class Members in the Action.

13. This Stipulation shall be binding upon and inure to the benefit of the Parties and Settlement Class Members and their respective heirs, trustees, executors, administrators, successors, and assigns.

## **MISCELLANEOUS**

14. The Parties agree to cooperate fully with each other to accomplish the terms of this Stipulation and secure the Court's approval thereof, including but not limited to, the execution of such documents and taking such other action as may reasonably be necessary to implement the terms of this Stipulation.

15. The Named Plaintiffs represent, covenant, and warrant that they have not directly or indirectly assigned, encumbered, or transferred, or purported to assign, encumber, or transfer, to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released in this settlement.

16. Nothing contained in this Stipulation shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or any of the Released Parties; and Defendant, on its behalf and that of the Released Parties, deny any such liability and the legal and factual assertions in this litigation. Each of the Parties has entered into this Stipulation with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Stipulation is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

17. Except to the limited extent necessary to secure entry of the Approval Order as an Order of Court, Named Plaintiffs agree that they will not make any public statements whatsoever, or issue press release(s) to the media or press, addressing the settlement or the negotiation of this Settlement and will not contact any media representatives regarding this action. If contacted by media representatives, Named Plaintiffs or their attorneys may state that the Parties amicably resolved the dispute and may direct the media representative to the public record. This provision specifically precludes Class Counsel from publicizing the case and settlement in the media or on any website or social media application or site.

Doc ID: bfbf8736a0d06627e95486502d1b541819a8bf5b

18. Paragraph titles or captions contained in this Stipulation have been inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation or any provision. Each term of this Stipulation is contractual and not merely a recital.

19. This Stipulation may not be modified or changed, except in writing and signed by the Parties, and approved by the Court. This Stipulation may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

20. If any deadlines related to this Stipulation cannot be met, Class Counsel and counsel for Defendant shall confer to reach agreement on any necessary revisions of its deadlines and timetables. In the event that the Parties fail to reach such agreement, either of the Parties may apply to the Court via a noticed motion for modification of the dates and deadlines in this Stipulation, provided that such a request to the Court may seek only reasonable modifications of the dates and deadlines contained in this Stipulation and no other changes.

21. The Parties shall endeavor to confer with each other concerning any disputes relating to this Stipulation and its implementation, and agree to bring only such disputes to the Court, if necessary, and after providing seven (7) days' written notice to the other Party. The Court will have continuing jurisdiction over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Stipulation have been fully carried out.

22. In the event the Court does not approve this Stipulation, and the basis for the Court's disapproval of the Stipulation does not involve a material term of this Stipulation, the Parties shall make good faith efforts to modify this Stipulation so as to gain the Court's approval. Except as otherwise provided in this Stipulation or as to the amounts awarded by the Court for attorney's fees and costs, in the event that the Court issues an order approving the Stipulation in a form materially different from this document, the Parties shall each have ten (10) days to withdraw from the Stipulation, which right may be exercised immediately upon submission of written notice to the other Party and filing with the Court. If either Party chooses to exercise the right to withdraw as set forth in this paragraph, the Stipulation shall be null and void for all purposes; and the Parties shall be restored, without prejudice, to their respective pre-settlement litigation positions.

23. This Stipulation contains the entire agreement among the Parties relating to the resolution of the Action; and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Stipulation. No rights under this Stipulation may be waived except in writing signed by the waiving Party.

24. This Stipulation may be executed in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original; and, when taken together with other signed counterparts, shall constitute one Stipulation, which shall be binding upon and effective as to both Parties.

Doc ID: bfbf8736a0d06627e95486502d1b541819a8bf5b

25. Unless otherwise specifically provided in this Stipulation, all notices, demands, or other communications given shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, or via electronic mail, addressed as follows:

For Named Plaintiffs and the Settlement Class:
Michael Murphy, Esq.
Michael Groh, Esq.
Murphy Law Group, LLC
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com

For Defendant:
Jeremy Schrag, Esq.
Alan Rupe, Esq.
Lewis Brisbois Bisgaard & Smith
1605 North Waterfront Parkway, Suite 150
Wichita, KS 67206
Jeremy.Schrag@lewisbrisbois.com
Alan.Rupe@lewisbrisbois.com

All notices, demands, or other communications by and between counsel for the Parties shall be in writing, transmitted via e-mail or facsimile, and shall be deemed to have been given as of the third business day after the transmission.

26. The Parties agree that the terms and conditions of this Stipulation are the result of lengthy and intensive arms-length negotiations between the Parties; and this Stipulation shall not be construed in favor of or against either Party by reason of the extent to which either Party or his or its counsel participated in the drafting of this Stipulation. The paragraph and other headings contained in this Stipulation are for reference purposes only and shall not be deemed to affect the meaning or interpretation of this Stipulation.

*[Remainder of page intentionally left blank;
signature page to follow.]*

Doc ID: bfbf8736a0d06627e95486502d1b541819a8bf5b

IN WITNESS WHEREOF, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

**Named Plaintiffs and Class Representatives**

Dated: 06 / 29 / 2022

_____
Tamara Gravely

Dated: 06 / 29 / 2022

_____
Odell Bradley

**Defendant**

Dated: _____

PetroChoice LLC

_____
Name:
Title:

9

Doc ID: bfbf8736a0d06627e95486502d1b541819a8bf5b

IN WITNESS WHEREOF, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

**Named Plaintiffs and Class Representatives**

Dated: _____

_____
Tamara Gravely

Dated: _____

_____
Odell Bradley

**Defendant**

Dated: 6/29/22

PetroChoice LLC

*[signature]*

Name: Michael Solitt
Title: VP

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| TAMARA GRAVELY, *et al.* | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No.: 19-5409 (CDJ) |
| | : | |
| PETROCHOICE, LLC | : | |
| | : | |
| Defendant. | : | |

---

**[PROPOSED]**
**ORDER DETERMINING GOOD FAITH**
**AND APPROVING THE SETTLEMENT AGREEMENT**

This matter comes before the Court on the Unopposed Motion of the Named Plaintiffs, Tamara Gravely and Odell Bradley, individually and on behalf of all Opt-In Plaintiffs (collectively "Settlement Class Members"), by the undersigned counsel ("Class Counsel"), for an order approving the Joint Stipulation of Settlement and Release ("Settlement Agreement") and dismissing with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, all claims asserted in this matter. After reviewing the Settlement Agreement and other related materials submitted by the Parties, and otherwise being fully apprised of all the facts, the Court on this _____ day of _____, 2022, hereby enters the following Final Order:

1. This Court has jurisdiction over the subject matter of this action and over all parties to this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 216(b), including the six (6) Opt-In Plaintiffs and two (2) Named Plaintiffs who have submitted and not withdrawn Opt-In Consent Forms to join this collective action, which was conditionally certified by Order of the Court dated February 26, 2021.

2. By filing written consents to join this Civil Action, the Named Plaintiffs and Opt-In Plaintiffs: (1) authorized Named Plaintiffs and Class Counsel to act as their agents and to

negotiate a settlement of any and all claims they may have against Defendant pursuant to the lawsuit, subject to a review for fairness by the Court; and (2) consented and agreed to be bound by any judgment of the Court or any settlement of this Civil Action that the Court reviews and determines to be fair and reasonable.

3. The Court hereby approves the Settlement Agreement and finds that the settlement is fair, reasonable, and adequate to all Settlement Class Members. The Court finds that extensive investigation, research, and litigation has been conducted such that counsel for all parties are able to evaluate their respective risks of further litigation, including the risk of decertification, additional costs and delay associated with further prosecution of this action. The Court further finds that the Settlement Agreement has been reached as a result of intensive, arms-length negotiations.

4. Plaintiff's Counsel should be awarded the amount of $15,750.00 for fair and reasonable attorneys' fees and litigation expenses incurred in the prosecution of this litigation, such award to be paid from the Settlement Amount in full compromise and satisfaction of all attorneys' fees and expenses incurred by Plaintiff's Counsel as specified in the Settlement Agreement.

5. Two Service Awards, which are to be paid from the Settlement Amount as specified in the Settlement Agreement, are approved for the following Named Plaintiffs who performed substantial services for the benefit of the Opt-In Plaintiffs, in the following amount:

| Name: | Amount: |
|---|---|
| Tamara Gravely | $2,500.00 |
| Odell Bradley | $2,500.00 |

Such awards are to be paid from the Settlement Amount as specified in the Settlement Agreement.

6. The Court finds and determines that the payments to Settlement Class Members,

as provided in the Settlement Agreement are fair, reasonable, and adequate, and gives approval to and orders that those payments be made to Settlement Class Members in accordance with the Settlement Agreement.

7. This Court hereby dismisses with prejudice all claims and actions in this matter and the claims of all Settlement Class Members based on or arising out of any acts, facts, transactions, occurrences, representations or omissions which are alleged, or which could have been alleged, in the Complaint in this matter, on the merits and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

8. All Settlement Class Members are hereby barred and permanently enjoined from prosecuting, commencing, or continuing, and hereby release any and all wage and hour-related claims, whether known or unknown, arising under any federal, state, or local law, including, without limitation, the FLSA, PMWA, WPCL, and any wage and hour-related rights, demands, liabilities, debts, suits, causes of actions, accounts, bonds, covenants, contracts, agreements, judgments, whatsoever in law or equity, in any way related to the claims brought in the Action, including statutory, constitutional, contractual, or common law claims for wages, overtime, or other compensation or benefits of any kind, damages, unpaid costs, penalties, liquidated damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief against any Released Party *arising during the time period during which the Settlement Class Member held one or more of the job positions identified in the definition of the collective (i.e. Administrative Assistant, Billable Specialist and/or Account Billing Specialist, and/or Accounts Payable*), prior to the Approval Date that were or could have been asserted by the Named Plaintiffs on behalf of Settlement Class Members in the Action.

9. This Order Determining Good Faith and Approving of the Settlement Agreement and the Settlement Agreement are final and binding on the Named Plaintiffs, Opt-In Plaintiffs,

and Defendant. The Parties are Ordered to implement the terms of the Settlement Agreement.

10. The Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement Agreement until all such payments under the Settlement Agreement are tendered as required by the Settlement Agreement.

**BY THE COURT:**

_____

The Honorable Gerald J. Pappert

Dated: _____